IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TOMMY WALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 314-017 |
| | ) | (Formerly CR 312-002) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner, an inmate at the Federal Correctional Institution in Jesup, Georgia, has filed with this Court a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED** without an evidentiary hearing, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.    BACKGROUND**

**A.    Indictment**

On June 6, 2012, the grand jury in the Southern District of Georgia charged Petitioner with one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). United States v. Walker, CR 312-002, doc. no. 1 (S.D. Ga. June 6, 2012) ("CR 312-002"). The Court appointed attorney Charles C. Butler to represent Petitioner. (Id., doc. no. 24.)

**B.    Agreement to Plead Guilty**

On August 16, 2012, Petitioner pled guilty to the single count indictment pursuant to a

plea agreement before United States District Judge Dudley H. Bowen, Jr. (Id., doc. nos. 31-33, 44.) During the change of plea hearing, Judge Bowen established Petitioner's competence to enter a guilty plea if he so desired. (Id., doc. no. 44 ("Rule 11 Tr."), pp. 19-22.) Petitioner also testified under oath that he was satisfied with the services rendered by Mr. Butler. (Id. at 22.)

Judge Bowen reviewed the charge and heard a factual basis for Petitioner's guilty plea from Special Agent Tyra Cunningham with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. (Id. at 23, 27-31.) SA Cunningham testified that officers from the Dublin Police Department responded to a domestic disturbance call on June 18, 2011 where a female witness stated that Petitioner hit her and had a gun with him. (Id. at 27.) Petitioner's probation officer subsequently searched Petitioner along with his possessions, finding six rounds of ammunition and a Heritage model Century .38-caliber revolver in a bag belonging to Petitioner. (Id. at 27-28.) The ammunition and gun were manufactured outside of Georgia, thus meeting the requirement that the items affected interstate commerce. (Id. at 28.) SA Cunningham also testified that Petitioner had twelve prior felonies and a misdemeanor for domestic violence. (Id.) Petitioner affirmed that the testimony of SA Cunningham was factually correct as to his possession of the firearm and ammunition identified in the indictment. (Id. at 30-31.) Petitioner also confirmed that he had twelve prior felony convictions. (Id. at 32.)

Next, Judge Bowen reviewed the maximum statutory penalties for the charge. (Id. at 34-35.) Judge Bowen explained that Petitioner was facing a statutory minimum of fifteen years and astatutory maximum of life in prison, along with a maximum of five years supervised release and $250,000 fine. (Id.) When asked, Petitioner confirmed that he understood the possible penalties. (Id. at 35.)

Judge Bowen also explained the rights that Petitioner would be waiving by pleading guilty, and Petitioner affirmed that he clearly understood those rights. (Id. at 31-35.) Among the rights explained, Judge Bowen reviewed the right to trial by jury, the presumption of innocence, the government's burden to prove guilt beyond a reasonable doubt, the right to present and cross-examine witnesses, and the right to remain silent. (Id.) Petitioner also affirmed that no one had forced or pressured him to plead guilty, or made him any promises to induce him to plead guilty. (Id. at 35.) Nor had anyone promised, predicted, or prophesied that Petitioner would receive a specific sentence. (Id. at 39.)

Petitioner's plea agreement included a broad appeal and collateral attack waiver provision that stated in relevant part:

> To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a 28 U.S.C. § 2255 proceeding, on any ground, except that: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum; and the defendant may file a direct appeal of his sentence if, by variance or upward departure, the sentence is higher than the advisory sentencing guideline range as found by the sentencing court.

(Id., doc. no. 32, p. 6.) By signing the plea agreement, Petitioner attested that he had read the plea agreement and it accurately set forth the terms and conditions of his agreement with the government. (Id. at 13.)

In reviewing the rights that Petitioner would be waiving, Judge Bowen reviewed the collateral attack waiver and summarized it as follows:

> That waiver of appeal includes a waiver or giving up any right to challenge the fact of conviction, Mr. Walker. In other words, you can't come back on a habeas corpus writ or something like that and say, well, I really didn't mean to plead guilty.

3

(Rule 11 Tr., p. 36.) When asked about the appeal and collateral attack waiver, Petitioner clearly indicated that he understood it. (Id. at 36-37.) Judge Bowen aptly summarized the proceedings as follows:

> In that this defendant has acknowledged his guilt, he knows the maximum penalty, and I have explained on a couple of occasions the elements of the offense, he is aware of his rights at trial. He's been over this a number of times, not only with me, but with other judges. He is fully aware of the consequences. And of his own volition, he has elected to plead guilty.

(Id. at 41-42.)

### C. Sentencing

The United States Probation Office then prepared a Presentence Investigation Report ("PSI") which set Petitioner's Total Offense Level at 30, Criminal History Category at VI, and an advisory Sentencing Guidelines range for imprisonment of 180-210 months due to his status as an armed career criminal. (PSI ¶¶ 18, 21, 53.) Neither Petitioner nor the government objected to the PSI at sentencing, and accordingly, Judge Bowen adopted the factual statements and guidelines recommendation contained therein. (See CR 312-002, doc. no. 43, ("Sent. Tr."), pp. 3-4.)

Judge Bowen also heard from Petitioner and defense counsel who asked for leniency and a sentence below the probation's office recommendation of 200 months . (Id. at 4-5.) Mr. Butler emphasized that the lower end of the guideline range for Petitioner's offense level and criminal history category was below the statutory minimum of 180 months. (Id. at 5-6.) The government did not oppose a sentence of the 180-month minimum. (Id. at 6.)

On February 13, 2013, Judge Bowen imposed a sentence of 180 months imprisonment, five years of supervised release, a fine of $1500, and a special assessment of $100. (Id. at 9-10;

4

CR 312-002, doc. no. 38.) Judgment was entered two days later, on February 15, 2013. (CR 312-002, doc. no. 38.)

### D. Subsequent Proceedings

Petitioner did not file a direct appeal but did timely file this § 2255 motion. (Doc. no. 1.) Although Petitioner does not differentiate his claims for relief, they all relate to his classification under the Armed Career Criminal Act ("ACCA") and are usefully grouped as follows:

   I. Petitioner's conviction for felon in possession of a firearm and ammunition does not qualify as a crime of violence and thus, cannot subject him to the Armed Criminal Career Act's ("ACCA") enhanced penalties.

   II. Petitioner's convictions for battery, armed robbery, and aggravated assault do not qualify as crimes of violence and thus do not warrant the ACCA's enhanced penalties.

   III. Petitioner's counsel was ineffective when he failed to object to Petitioner's ACCA enhancement at sentencing.

(Doc. no. 1, pp. 5-6.)

Respondent contends that (1) Petitioner's claims are barred by the collateral attack waiver in his plea agreement; and (2) Petitioner was correctly classified as an armed career criminal because he was convicted under 18 U.S.C. § 922(g) and had at least three prior violent felony convictions under state law. (Doc. no. 5, pp. 4-9.)

## II. DISCUSSION

### A. There Is No Need For an Evidentiary Hearing.

Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's

5

allegations are affirmatively contradicted in the record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004).

While ineffective assistance of counsel claims often require a hearing for development of an adequate record, an evidentiary hearing is not required every time such a claim is raised. Vick v. U.S., 730 F.2d 707, 708 (11th Cir. 1984). Because Petitioner's claims are barred from review, lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary.

### B. By Knowingly and Voluntarily Agreeing to the Collateral Attack Waiver, Petitioner Waived His Claims.

Petitioner's alleged grounds for relief in the § 2255 motion are precluded by the waiver provision in the plea agreement, in which Petitioner waived his right to collaterally attack his conviction and sentence. It is well settled that a waiver of the right to collaterally attack a sentence and conviction is only enforceable if the waiver is knowing and voluntary. United States v. Warner-Freeman, 270 F. App'x 754, 757 (11th Cir. 2008); see also United States v. Weaver, 275 F.3d 1320, 1333 (11th Cir. 2001); United States v. Bushert, 997 F.2d 1343, 1345 (11th Cir. 1993); see also Vaca-Ortiz v. United States, 320 F. Supp. 2d 1362, 1365-67 (N.D. Ga. 2004 (applying case law concerning waiver of direct appeal to waiver of the right to collateral proceedings). "To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of

the waiver." Weaver, 275 F.3d at 1333. If the government meets this burden, then an appeal and collateral attack waiver is enforceable. See United States v. Pease, 240 F.3d 938, 942 (11th Cir. 2001) (enforcing waiver provision where defendant was specifically questioned during plea proceedings about waiver); United States v. Howle, 166 F.3d 1166, 1168-69 (11th Cir. 1999); United States v. Benitez-Zapata, 131 F.3d 1444, 1146-47 (11th Cir. 1997).

Here, Respondent has demonstrated the existence of a valid collateral attack waiver. The plea agreement signed and verified by Petitioner fully set forth that, as a condition of his guilty plea, he was waiving any right to collateral attack his sentence and conviction or the knowing and voluntary nature of his guilty plea. (See CR 312-002, doc. no. 32, p. 6 ("To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction proceeding, including a 28 U.S.C. § 2255 proceeding . . . .").) Furthermore, Judge Bowen reviewed Petitioner's plea agreement during the plea colloquy, specifically reviewing the waiver provision. (Rule 11 Tr., p. 36.) After Judge Bowen concluded his review of the plea agreement, Petitioner acknowledged that he understood and agreed to the terms of the plea agreement. (Id. at 36-38.)

Therefore, the record before the Court shows that Judge Bowen specifically questioned Petitioner about the waiver provision, and that Petitioner fully understood its significance such that the collateral attack waiver was knowing and voluntary. Weaver, 275 F.3d at 1333. While Petitioner would have the Court ignore his responses to Judge Bowen's questions, "solemn declarations in open court [at a guilty plea hearing] carry a strong presumption of verity" and "constitute a formidable barrier in any subsequent collateral proceedings." Blackledge v.

Allison, 431 U.S. 63, 74 (1977). Thus, the collateral attack waiver bars the claims in Grounds One and Two that Petitioner is not an armed career criminal.

The collateral attack waiver also bars Ground Three, wherein Petitioner alleges ineffective assistance of counsel. The Court is aware certain ineffective assistance of counsel claims can survive a valid collateral attack waiver, but "only when the claimed assistance directly affected the validity of that waiver or the plea itself." See Williams v. United States, 396 F.3d 1340, 1341-42 (11th Cir. 2005) (precluding claim for ineffective assistance of counsel at sentencing based on valid sentence-appeal waiver); Brown v. United States, 256 F. App'x 258, 262 (11th Cir. 2007) (refusing to consider merits of sentencing argument in § 2255 proceeding based on valid sentence-appeal waiver provision in plea agreement); United States v. Martin, 549 F. App'x 888, 889-90 (11th Cir. 2013) (refusing to consider claims of PSI errors based on knowing and voluntary sentence appeal waiver). Here, in Ground Three, Petitioner claims that counsel was deficient in failing to object to Petitioner's classification as an armed career criminal at sentencing. (See doc. no. 1, p. 5.) Petitioner does not claim that he received ineffective assistance in regards to the plea agreement that he signed. Because Ground Three challenges the assistance provided at sentencing, the claim is not related to the validity of Petitioner's waiver or plea and thus do not survive the collateral attack waiver. See Williams, 396 F.3d at 1342.

In sum, because Petitioner's claims do not call into question the validity of his guilty plea or the collateral attack waiver, they are barred by the collateral attack waiver. See id. Therefore, Petitioner's § 2255 motion to should be denied.

### C. Even if Petitioner's Claims Were Not Barred by the Collateral Attack Waiver, Grounds I and II Are Meritless Because He Was Properly Designated an Armed Career Criminal.

Even if Petitioner's claims were not barred by the collateral attack waiver, his assertion that he was improperly designated an armed career criminal under 18 U.S.C. § 924(e) is without merit. First, Petitioner claims that his instant conviction for a felon in possession of a firearm and ammunition is not a crime of violence and thus does not invoke the enhanced penalties under the ACCA. Petitioner also claims that his prior convictions for battery, armed robbery, and aggravated assault do not qualify as crimes of violence, and thus, he no longer qualifies as an armed career criminal. Finally, Petitioner claims that his counsel was ineffective for failing to object to his classification. For the reasons set forth below, these claims do not afford Petitioner the relief that he seeks.

#### 1. Petitioner's Conviction for Possession of a Firearm and Ammunition by a Convicted Felon Properly Qualified Him for the Enhanced Penalties under the ACCA.

Petitioner is misguided in his argument that he is not subject to the ACCA because his instant conviction for possession of a firearm and ammunition as a convicted felon is not a crime of violence. Petitioner has conflated the requirements for a qualifying predicate offense under 18 U.S.C. § 924(e) with the offense of conviction under 18 U.S.C. § 922(g).

The ACCA provides two requirements for the imposition of its enhanced penalty: first, that "a person . . . violates section 922(g) of this title" and second, that the person "has three previous convictions . . . for a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1) (emphasis added). Petitioner undoubtedly meets the first requirement in violating 18 U.S.C. § 922(g); he conceded this point when he knowingly and voluntarily pleaded guilty at his Rule 11 hearing. (Rule 11 Tr., pp. 30-32.) Because Petitioner's felon in possession conviction

was not a "previous" conviction, it could not qualify, and was not used by this Court, as one of the "three previous convictions . . . for a violent felony." Thus, the fact that Petitioner's conviction under § 922(g) was not a violent felony does not afford him relief because it was not used as a predicate offense for the ACCA enhancement. Rather, it only made him eligible for sentencing under the ACCA if he had the requisite predicate offenses.

### 2. Petitioner Has At Least Three Predicate Convictions that Qualify as Violent Felonies.

Petitioner argues that because his convictions for battery, armed robbery, and aggravated assault are not violent felonies, he does not qualify for sentencing under the ACCA. (Doc. no. 1, p. 6.) Petitioner cites no relevant case law to this point but simply argues these crimes do not involve the use of force capable of causing physical pain or injury and thus, are not violent felonies. (Id.)

Even assuming that Petitioner is right in his objection that these crimes are not proper ACCA predicates, Petitioner has three prior convictions for burglary that would alone qualify him as an armed career criminal. (See PSI ¶¶ 23-25, 30.) These convictions were set out in the uncontested PSI which was fully adopted by the Court. (Id.; Sent. Tr., pp. 3-4.) Burglary is a crime specifically defined by 18 U.S.C § 924(e)(2)(b)(ii) as meeting the definition of a violent felony. 18 U.S.C. § 924(e)(2)(B)(ii), and Petitioner has raised no objection to the use of these violent felonies as ACCA predicates. In addition, Petitioner's argument that his convictions for armed robbery and aggravated assault do not qualify as violent felonies is highly questionable given that both crimes involved the use of a firearm. (See PSI ¶¶ 30, 31.) Because Petitioner has at least three other previous crimes that properly qualify as ACCA predicates, Petitioner's argument is without merit.

### 3. Petitioner Is Not Entitled to Relief on His Claim in Ground III Alleging Ineffective Assistance of Counsel.

#### i. Under <u>Strickland v. Washington</u>, Petitioner Bears a Heavy Burden on an Ineffective Assistance of Counsel Claim.

Ineffective assistance of counsel claims are subject to the two-part test enunciated in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). <u>See</u> <u>Massaro v. United States</u>, 538 U.S. 500, 505 (2003). Petitioner must show that counsel was constitutionally ineffective under the two prongs of <u>Strickland</u> by proving defense counsel's performance was deficient and prejudicial. Under the first prong, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." <u>Strickland</u>, 466 U.S. at 688. In this regard, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." <u>Hagins v. United States</u>, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic decisions are entitled to a "heavy measure of deference." <u>Strickland</u>, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion – though the presumption is not insurmountable – is a heavy one." <u>Fugate v. Head</u>, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer . . . could have acted, in the circumstances, as defense counsel acted . . . ." <u>Waters v. Thomas</u>, 46 F.3d 1506, 1512 (11th Cir. 1995) (*en banc*).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies . . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." <u>Strickland</u>, 466 U.S. at 697; <u>see</u> <u>Brooks v. Comm'r, Ala. Dep't of Corr.</u>, 719 F.3d 1292, 1301 (11th Cir. 2013). Under the prejudice prong of <u>Strickland</u>, a petitioner must show "that there 'is a reasonable

11

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" Brooks, 719 F.3d at 1300 (quoting Strickland, 466 U.S. at 694). As the Eleventh Circuit has ruled, a petitioner must affirmatively prove prejudice that would undermine the results of the proceedings because "attorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some conceivable effect on the outcome of the proceeding is insufficient to show prejudice." Butcher v. United States, 368 F.3d 1290, 1293 (11th Cir. 2004) (citations and internal quotations omitted).

Moreover, in the context of a guilty plea, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Stephens v. Sec'y, Fla. Dep't of Corr., 678 F.3d 1219, 1225 (11th Cir. 2012), cert. denied, 133 S. Ct. 484 (2012). In assessing whether a petitioner has met this standard, the Supreme Court has emphasized the "fundamental interest in the finality of guilty pleas." Hill, 474 U.S. at 58. Therefore, Petitioner must show both that counsel's representation fell below an objective standard of reasonableness, *and* that there is a reasonable probability that but for counsel's errors, he would have insisted on going to trial. Id. at 56-59.

### ii. Petitioner Fails to Satisfy Either Prong of Strickland in His Claim That Counsel Was Ineffective for Failing to Object to His Armed Career Criminal Status.

Similar to his argument in Grounds I and II, Petitioner argues that counsel was ineffective because he did not object to Petitioner's classification as an armed career criminal. (See doc. no. 1, pp. 4-5.) Petitioner argues that because his instant conviction was not a crime of violence, it

12

could not have qualified him for the sentencing enhancement. (Id.) As explained *supra* § 2.C.1, this argument is meritless because Petitioner has conflated the two requirements for being designated an armed career criminal under 18 U.S.C. § 924(e). Further, Petitioner's argument in regards to his battery, armed robbery, and aggravated assault convictions is meritless given his three uncontested burglary convictions as explained *supra* § 2.C.2.

Because the underlying conviction for felon in possession of a firearm and ammunition does not need to be a violent felony as explained *supra* § 2.C.1, Mr. Butler's decision to not object on this basis is imminently reasonable. Further, this objection would have been meritless given the clear language of the statute that only previous convictions have to be violent felonies to qualify for the enhancement. See 18 U.S.C § 924(e)(1). As the objection is meritless, there is no reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been any different. See Brooks, 719 F.3d at 1300. Further, Petitioner suffered no prejudice as a result of counsel not objecting to his battery, armed robbery, and aggravated assault convictions because the three burglary convictions undoubtedly qualify as ACCA predicates. Id. Accordingly, Petitioner's claim that Mr. Butler was ineffective because he failed to object to the sentencing enhancement is without merit and does not provide a basis for relief.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DENIED** without an evidentiary hearing, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 19th day of March, 2015, at Augusta, Georgia**.**

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA