IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| TOMMY LEE WALKER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 316-052 |
| | ) | (Formerly CR 312-002) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Petitioner, an inmate at the Federal Correctional Institution in Jesup, Georgia, after receiving permission from the Eleventh Circuit Court of Appeals, has filed with this Court a second motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing or appointment of counsel, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

**I.    BACKGROUND**

    **A.    Indictment and Agreement to Plead Guilty**

On June 6, 2012, the grand jury in the Southern District of Georgia charged Petitioner under the Armed Career Criminal Act ("ACCA") with one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(e). United States v. Walker, CR 312-002, doc. no. 1 (S.D. Ga. June 6, 2012) (hereinafter "CR 312-002"). The Court appointed attorney Charles C. Butler under the Criminal Justice

Act to represent Petitioner. Id., doc. no. 24.

On August 16, 2012, Petitioner appeared with counsel before United States District Judge Dudley H. Bowen, Jr., and pled guilty to the single-count indictment. Id., doc. nos. 31-33. In exchange for the guilty plea, the government agreed to (1) not oppose a two-point acceptance of responsibility reduction and move for an additional one-point reduction under U.S.S.G. § 3E1.1(b); and (2) consider filing a motion, based on any "substantial assistance" provided by Petitioner, for downward departure under U.S.S.G. § 5K1.1 or a reduction of Petitioner's sentence under Fed. R. Crim. P. 35. Id., doc. no. 32, pp. 2-3.

For his part, Petitioner admitted the factual basis for his guilty plea, including "having been previously convicted of crimes punishable by imprisonment for a term exceeding one year, which include at least three violent felony offenses committed on occasions different from one another. . . and having been previously convicted of a misdemeanor crime of domestic violence." Id. at 7-8. The twelve felonies and one misdemeanor listed in the plea agreement are the same crimes listed in count one of the indictment, and include three burglaries, obstruction of a law enforcement officer by violence, armed robbery, and aggravated assault. CR 312-002, doc. no. 1, pp. 1-2; doc. no. 32, pp. 7-8. As part of the plea agreement, Petitioner also agreed to waive the right to file a direct appeal and the right to collaterally attack his conviction and sentence unless his sentence exceeded the statutory maximum, the sentencing court upwardly departed from the advisory Guideline range, or the government appealed the sentence. Id., doc. no. 32, p. 6.

During the change of plea hearing, Judge Bowen established Petitioner's competence to enter a guilty plea if he so desired. Id., doc. no. 44 ("Rule 11 Tr."), pp. 19-22. Petitioner also testified under oath that he was satisfied with the services rendered by Mr. Butler. Id. at

2

22. Judge Bowen reviewed the charge and heard a factual basis for Petitioner's guilty plea from Special Agent Tyra Cunningham with the Bureau of Alcohol, Tobacco, Firearms, and Explosives. Id. at 23, 27-30. SA Cunningham testified as to the circumstances of Petitioner's arrest which led to discovery of the firearm and ammunition, as well as Petitioner's twelve prior felony convictions and a misdemeanor conviction as delineated in the indictment and plea agreement. Id. at 27-29. Petitioner affirmed the testimony of SA Cunningham was factually correct as to his possession of the firearm and ammunition, and he confirmed his prior twelve felony convictions. Id. at 30-32.

### B. Sentencing

Upon entry of the guilty plea, the United States Probation Office prepared a Presentence Investigation Report ("PSI"). As explained in the PSI, Petitioner had "at least three prior convictions for a violent felony or serious drug offense, or both, which were committed on different occasions." PSI ¶ 18. The PSI went on to detail three burglaries (PSI ¶¶ 23-25), obstruction of a law enforcement officer by violence (PSI ¶ 29), armed robbery (PSI ¶ 30), and aggravated assault (PSI ¶ 31) – all of which were listed in the indictment and plea agreement. CR 312-002; doc. no. 1; doc. no. 32. The PSI calculated a total offense level of thirty, a criminal history category of VI, and an advisory Guideline range of 168 to 210 months of imprisonment. PSI ¶¶ 21, 34, 35, 53. However, because Petitioner was categorized as an armed career criminal within the meaning of U.S.S.G. § 4B1.4, the Guideline sentencing range was set at the statutorily required minimum of 180 months (fifteen years) to 210 months. PSI ¶¶ 18, 53; 18 U.S.C. § 924(e). Petitioner did not file any objections to the PSI. See PSI Add.; CR 312-002, doc. no. 43, ("Sent. Tr."), p. 3.

At sentencing on February 13, 2013, Judge Bowen adopted the factual statements and Guideline recommendation, noting in particular the "very, very significant" statutory penalty of fifteen years to life in prison because of the application of the ACCA. Sent. Tr., pp. 3-4. Judge Bowen verified Petitioner understood the ACCA limited the availability of leniency in sentencing, and Petitioner's counsel explained the ACCA moved Petitioner's sentencing range under the advisory Guidelines had moved from a minimum of 168 months to 180 months. Id. at 5. Petitioner never voiced any objection to the delineation of his prior felony convictions in the PSI or to the applicability of the ACCA. Judge Bowen sentenced Petitioner to a term of imprisonment of 180 months, to be served consecutively to the revoked probation term Petitioner was serving for a Laurens County Superior Court sentence. Id., doc. nos. 37-38. Judgment entered on February 15, 2013. Id., doc. no. 38.

### C. Post-Conviction Proceedings

Consistent with the plea agreement, Petitioner did not file a direct appeal. Id., doc. no. 32. However, the Clerk of Court docketed Petitioner's first § 2255 motion on February 19, 2014. Id., doc. no. 41. As the Court explained in ruling on that first motion, Petitioner's claims for relief all related to his classification under the ACCA, and were grouped as follows: (1) Petitioner's underlying federal conviction for felon in possession of a firearm and ammunition does not qualify as a crime of violence, and therefore he should not be subject to an ACCA sentence enhancement; (2) Petitioner's convictions for battery, armed robbery, and aggravated assault do not qualify as crimes of violence; and (3) Petitioner received ineffective assistance of counsel at sentencing because no objection was made to imposition of the ACCA sentencing enhancement. See id., doc. no. 46.

4

Judge Bowen denied the motion on April 13, 2015, finding the valid collateral attack waiver in the plea agreement barred Petitioner's claims, but even if the claims were not barred, none of them had merit. Specific to the ACCA claims, the Court determined: (1) Petitioner's underlying federal felony conviction was not used as a predicate offense for the ACCA enhancement, but rather only made him eligible for sentencing under the ACCA if he had the requisite predicate offenses; and (2) because Petitioner had not challenged the continued viability of his three burglary convictions as ACCA predicates, Petitioner was not entitled to relief. Id., doc. nos. 46, 48.

On June 26, 2015, the Supreme Court found the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii), to be void for vagueness and a violation of the Constitution's guarantee of due process. Johnson v. United States, 576 U.S. -, 135 S. Ct. 2551, 2563 (2015). In Welch v. United States, 578 U.S.-, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held Johnson is a substantive decision retroactive in cases on collateral review.

Petitioner then sought and received permission from the Eleventh Circuit Court of Appeals to file a second or successive § 2255 motion asserting one claim that his sentence under the ACCA was unconstitutionally vague. (Doc. no. 1, Ex. A.) The Eleventh Circuit noted Petitioner had prior convictions for burglary, obstruction of an officer with threats of violence, terroristic threats and acts, armed robbery, kidnapping, and aggravated assault. (Id. at 2.) Yet, Petitioner still made a *prima facie* showing for filing a second § 2255 motion because (1) "[i]t is unclear which prior felonies were used to enhance [Petitioner's] sentence under the ACCA"; and (2) at the time of the request to file a second § 2255 motion it was unclear whether any of Petitioner's prior Georgia convictions, other than the conviction for obstruction of an officer with threats of violence, would qualify as predicates under the

5

ACCA's enumerated offenses or elements clauses post-Johnson. (Id. at 3.) The Eleventh Circuit cautioned, however, it made a limited determination to allow the filing of a second motion, and because no merits had been conclusively resolved by simply allowing the motion to be filed, this Court did not owe deference to the *prima facie* finding. (Id. at 4.)

Respondent argues that even after Johnson, Petitioner's sentence is valid because he has three burglary convictions that qualify as predicate convictions under the enumerated offenses portion of the ACCA's violent felony definition. (See doc. no. 3, pp. 4-9.) Moreover, Petitioner's three convictions for armed robbery, aggravated assault, and obstruction of a law enforcement officer with violence also qualify, post-Johnson, under the elements portion of the ACCA's definition of violent felony. (Id. at 9-12.) As these six predicate offenses are more than sufficient to satisfy the requirement of three predicate offenses to impose the ACCA sentencing enhancement, see 18 U.S.C. § 924(e)(1), Respondent argues Petitioner's § 2255 motion should be denied. (Id. at 12.)

## II. DISCUSSION

### A. Petitioner Is Not Entitled to an Evidentiary Hearing or Appointment of Counsel.

In his request for relief, Petitioner asks for both an evidentiary hearing and appointment of counsel. (Doc. no. 1, p. 9.) Section 2255 does not require that the Court hold an evidentiary hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." Winthrop-Redin v. United States, 767 F.3d 1210, 1216 (11th Cir. 2014) (quoting 28 U.S.C. § 2255(b)). "A hearing is not required on patently frivolous claims or those which are based upon unsupported generalizations. Nor is a hearing required where the petitioner's allegations are affirmatively contradicted in the

6

record." Holmes v. United States, 876 F.2d 1545, 1553 (11th Cir. 1989) (citation omitted). Moreover, a petitioner is not entitled to an evidentiary hearing where he asserts "merely conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible." Tejada v. Dugger, 941 F.2d 1551, 1559 (11th Cir. 1991) (citation omitted); see also Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004). Because Petitioner's claims lack merit as a matter of law, or are otherwise affirmatively contradicted by the record, no evidentiary hearing is necessary, and Petitioner's request for one should be denied.

Nor is Petitioner entitled to appointment of counsel. While it is true that the Court appoints counsel pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings when an evidentiary hearing is held, as explained herein, an evidentiary hearing is not necessary in this case. Indeed, there is no automatic constitutional right to counsel in habeas proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985). Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2255, but such requests are discretionary when "due process or the 'interests of justice'" so require. Hooks, 775 F.2d at 1438. Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]" McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012). In sum, "[i]t is well established that indigents applying for federal or state post-conviction relief, even those sentenced to death, have no federal constitutional right to counsel except in those rare cases where under the circumstances the fundamental fairness component of due process requires appointment of counsel." Donald E.

7

Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 147 (2016 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of counsel. McCall, 495 F. App'x at 31. Petitioner does not offer any basis for his request for appointed counsel other than presumably to represent him at an evidentiary hearing on his § 2255 motion or at a new sentencing. However, Petitioner is not entitled to a hearing or a new sentencing proceeding, and his request for appointment of counsel should be denied.

> **B. Petitioner Is Not Entitled to Resentencing Because Even After Johnson, He Has Sufficient Predicate Convictions under Non-Residual Portions of the ACCA's "Violent Felony" Definition to Qualify as an Armed Career Criminal.**

There is no merit to Petitioner's argument for resentencing because he has *at least* three valid predicate convictions under the non-residual clauses of the ACCA.

### 1. Parsing the Three Clauses of the ACCA

The ACCA defines violent felony as any felony that either "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Subsection (i) is sometimes identified as the elements clause, while subsection (ii) is subdivided into (a) the enumerated offenses clause, and (b) the now invalid residual clause. See In re Thomas, 823 F.3d 1345, 1347 (11th Cir. 2016).

### 2. Petitioner's Three Prior Burglary Convictions Qualify as Predicates Under the Enumerated Offenses Clause of the ACCA.

As set forth *supra*, the now-invalidated residual clause of the ACCA violent felony definition includes a crime that "otherwise involves conduct that presents a serious potential

8

risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). Johnson did "not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the [ACCA's] definition of a violent felony," all of which may still be used to impose ACCA enhancements. Johnson, 135 S. Ct. at 2563. Thus, after Johnson invalidated the residual clause of the ACCA, an enhancement may still be validly applied based on an offense falling under the enumerated offenses clause of the ACCA. See 18 U.S.C. § 924(e)(2)(B)(ii) (defining violent felony as "burglary, arson, or extortion" or an offense involving "use of explosives").

Petitioner's three burglary offenses, which Petitioner admitted as part of his plea agreement and to which Petitioner did not object when delineated in the PSI, fall under the enumerated offenses clause, and he therefore qualifies as a an armed career criminal, even after Johnson. This follows from the fact that Georgia has a divisible burglary statute, and Petitioner's burglaries all involved a building or other structure, qualifying as "generic burglary" under the ACCA. However to reach this conclusion, it is helpful to review the analysis required under Mathis v. United States, 579 U.S. -, 136 S. Ct. 2243 (2016) and Descamps v. United States, 570 U.S. -, 133 S. Ct. 2276, 2281 (2013), for using the modified categorical approach to determine whether a burglary qualifies as generic burglary.

To determine whether a defendant's prior conviction qualifies as a predicate ACCA offense under the enumerated offenses clause, courts compare the elements of the ACCA predicate offense to the elements of the prior conviction. Descamps, 133 S. Ct. at 2281-82. A prior conviction qualifies as an ACCA predicate offense only if the elements of the prior conviction are the same or narrower than the elements of the ACCA predicate offense. Id. Because the ACCA does not specify the elements for the predicate, enumerated offenses,

9

courts apply the elements of these "generic" crimes as commonly understood. Id.; United States v. Gundy, 842 F.3d 1156, 1161 (11th Cir. 2016).

Comparison of the elements between the prior conviction and ACCA offense is simple when the charging statute for the prior conviction is indivisible, meaning that the statute sets out a single set of elements for the offense. Courts refer to this simple comparison as the "categorical approach." Descamps, 133 S. Ct. at 2281. In this type of case, the court need only "line[] up that crime's elements alongside those of the generic offense and see[] if they match." Mathis, 136 S. Ct. at 2248.

A complication arises, however, when the charging statute for the prior conviction sets out one or more elements in the alternative, such as a burglary statute that defines burglary as either the unlawful entry into a building or an automobile. See Descamps, 133 S. Ct. at 2281-82. A criminal statute that lists elements in the alternative, and thereby defines multiple crimes, is "divisible." Mathis, 136 S. Ct at 2249. "Faced with a 'divisible' statute, courts must identify which crime in the statute formed the basis of the defendant's conviction." Gundy, 842 F.3d at 1162. In such cases, courts may use the modified categorical approach and look beyond the charging statute to determine which of the alternative elements formed the basis of the prior conviction, by reference to a limited class of documents such as indictments, plea agreements, and jury instructions. Descamps, 133 S. Ct. at 2282. In addition to these so-called Shepard documents,[1] the Eleventh Circuit has also allowed courts to use "undisputed facts contained in a PSI." United States v. Ramirez-Flores, 743 F.3d 816, 821 (11th Cir. 2014) (citation omitted). Courts "then compare the

---

[1] Shepard v. United States, 544 U.S. 13, 26 (2005).

elements of that identified crime to the elements of the relevant generic offense." Gundy, 842 F.3d at 1162.

As has been explained in this District:

When faced with such a state statute [with disjunctive phrasing], the court must decide whether the disjunctive language creates (1) multiple crimes that are "divisible" into those alternative *elements* that match the generic version of the ACCA enumerated crime and those that do not, or (2) a single crime that has an "indivisible" set of elements and simply lists various alternative factual *means* of committing that single offense. Gundy, 842 F.3d at 1162. An indivisible statute must exactly match the generic crime or else it cannot count as an ACCA predicate offense. Id. A divisible statute, on the other hand, may suffice as an ACCA predicate if it can be determined that the defendant was convicted of the generic crime rather than an alternative, non-generic crime. Id.

Clemons v. United States, CR 408-225/CV 416-005, 2017 WL 473968, at *2 (S.D. Ga. Jan. 6, 2017), *adopted by*, 2017 WL 470900 (S.D. Ga. Feb. 3, 2017).

With respect to Petitioner, generic burglary "contains at least the following elements: an unlawful or unprivileged entry into, or remaining in, a building or other structure with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 598 (1990). At the time of Petitioner's state burglary convictions, the Georgia Code defined felony burglary as follows:

A person commits burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building or any room or part thereof.

Ga. Code Ann. § 26-1601 (version in effect 1978-1980) (Doc. no. 3, Ex. A).

In Gundy, decided after Mathis, the Eleventh Circuit examined the version of the Georgia burglary statute in effect from 1980 through 2012 - which is substantially similar

11

with respect to the locational elements of the crime as the prior version quoted above.[2] Applying Mathis, the Eleventh Circuit has determined "the plain text of the Georgia statute has three subsets of different locational elements, stated in the alternative and in the disjunctive . . . effectively creating several different crimes." Gundy, 842 F.3d at 1167. "That the Georgia prosecutor must select and identify the locational element of the place burgled – whether the place burgled was a dwelling, building, railroad car, vehicle, or watercraft - is the hallmark of a divisible statute." Id. Therefore, as described above, the Court may use the modified categorical approach to determine whether Petitioner's prior burglary convictions match the generic definition of burglary Congress intended to count as a predicate offense in the enumerated offenses clause of the ACCA. See id. at 1168.

Here, the Shepard documents from Petitioner's prior burglary convictions, attached as Exhibits B through D to Respondent's briefing, (doc. no. 3), as well as the uncontested facts in the PSI, (¶¶ 23-25), show Petitioner was thrice convicted of unlawfully entering a building or other structure with intent to commit a crime therein: (1) February 4, 1980, mobile home of Mr. Raymond Manning Purvis; (2) February 4, 1980, dwelling house residence of Mr. Luther Hooks; and, (3) January 26, 1980, commercial building of Associates Financial Services Company, Inc. As Petitioner's three prior Georgia burglary convictions

---

[2]The statute as reviewed in Gundy states:

> A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof.

O.C.G.A. § 16-7-1 (version in effect from 1980-2012).

"substantially conform to the generic definition of burglary," they qualify as violent felonies under the enumerated offenses clause of the ACCA. Gundy, 842 F.3d at 1168-69.

Petitioner argues the burglaries cannot serve as predicate offenses because Judge Bowen did not specifically identify and classify each predicate offense under the still-valid elements or enumerated offenses clauses of the ACCA. (See generally doc. no. 4.) First, the cases upon which Petitioner primarily relies make a determination as to whether a petitioner should be allowed to file a second or successive § 2255 motion, not a substantive ruling on the merits of a claim about properly counting ACCA predicates. See, e.g., In re Rogers, 825 F.3d 1335, 1338 (11th Cir. 2016). Moreover, those cases make clear that lack of specificity is not conclusive where "binding precedent categorically classif[ies] the offense or offenses in question as either falling under the elements clause or enumerated crimes clause." Id. In any event, Petitioner already benefitted from the lack of specificity in the record because he was allowed to file a second § 2255 motion. However, as explained above, that preliminary determination by the Eleventh Circuit does not prohibit this Court from examining the substantive merit of Petitioner's claim.

Second, to the extent Petitioner relies on other cases to suggest Respondent cannot "substitute" a new valid ACCA-qualifying conviction that the sentencing court could have, but did not, rely on at sentencing, and the government failed to object at sentencing, the circumstances of this case are distinguishable. (See doc. no. 1, p. 3 and doc. no. 4, pp. 3-4 (citing McCarthan v. [Warden], 811 F.3d 1237, 1250 n.8 (11th Cir. 2016) and Bryant v.

Warden, 738 F.3d 1253, 1279 (11th Cir. 2013)).)[3] Judge Bowen did not identify *at most* three predicates such that the invalidation of one conviction would invalidate the ACCA enhancement. Here, the undisputed PSI stated there were *at least* three prior qualifying convictions and then specified twelve prior felony convictions. PSI ¶¶ 18, 23-31.

No one objected to, argued about, or identified any particular offenses of the admitted twelve prior felony convictions as ACCA predicates, and as discussed herein, binding precedent confirms Petitioner has *at least* three prior convictions that qualify as ACCA predicates. Thus, unlike Bryant, Respondent here did not forgo the opportunity to rely on any of the undisputed qualifying predicate offenses. In fact, based on the three burglaries and the felony obstruction of an officer conviction identified by the Eleventh Circuit and conceded by Petitioner, (doc. no. 1, p. 4), Petitioner already exceeds the number of necessary ACCA predicates without consideration of Respondent's arguments concerning armed robbery and aggravated assault.[4]

### 3. Petitioner's Prior Armed Robbery and Aggravated Assault Convictions Also Qualify as Predicates Under the Elements Clause of the ACCA.

Noticeably absent from Petitioner's §2255 motion or reply brief is any substantive discussion of why his armed robbery and aggravated assault convictions should not count as ACCA predicates. As with the first § 2255 motion he filed, Petitioner simply states, without reference to any relevant case law, that these convictions do not qualify as violent felonies. The

---

[3] Additionally, the opinion in McCarthan was vacated, and the case will be reheard *en banc* by the Eleventh Circuit Court of Appeals. See McCarthan v. Warden, No. 12-14989, 2016 WL 3878151 (11th Cir. May 24, 2016).

[4] See also United States v. Brown, 805 F.3d 1325, 1327 (11th Cir. 2015) (Georgia felony obstruction conviction categorically a violent felony under ACCA elements clause).

case law does not support his position, and even if it did, because of the three burglary convictions and the conviction for violent obstruction of an officer, Petitioner is not entitled to the relief he seeks. Nonetheless, the Court briefly examines Petitioner's armed robbery and aggravated assault convictions and determines they, too, qualify as predicate offenses, this time under the elements clause of the ACCA.

Petitioner committed his armed robbery in 1995. PSI ¶ 30. At that time, Georgia defined armed robbery as follows: "A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon." O.C.G.A. § 16-8-41(a) (Doc. no. 3, Ex. E). Thus, by definition, Petitioner had to have used an actual offensive weapon, or an item appearing to be such a weapon, to take the property of another. Id.

Georgia courts define an "offensive weapon" as "any object, device, or instrument which when used offensively against a person is likely to or actually does result in death or serious bodily injury." Jackson v. State, 545 S.E.2d 148, 151 (Ga. App. 2001) (citing Georgia pattern jury instructions). Use of an "offensive weapon" in robbery then necessarily requires *at least* a threat of violent physical force. See Sheely v. State, 650 S.E.2d 762, 764 (Ga. App. 2007) ("A person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the immediate present of another *by use* of an offensive weapon. The element of use is present when the victim is aware of the weapon and it has the desired forceful effect of assisting to accomplish the robbery." (internal quotations omitted)); cf. Hicks v. State, 207 S.E.2d 30, 37 (Ga. 1974) (reversing armed robbery conviction for taking billfold from sleeping victim, ruling the

15

statute "clearly contemplates that the offensive weapon be used as a concomitant to a taking which involves the actual force or intimidation (constructive force) against another person").

According to the undisputed PSI, Petitioner committed armed robbery by forcing the victim from his car at gun point and robbing him of a gold pocket watch and five dollars in cash. PSI ¶ 30. Therefore, the Court agrees with Respondent's argument, (doc. no. 3, pp. 9-10), that "threatened use of physical force" qualifies Georgia armed robbery as a violent felony under the elements clause of the ACCA. See 18 U.S.C. § 924(e)(2)B(ii); see also doc. no. 3, pp. 10-11 n. 4 (collecting Eleventh Circuit cases post-Johnson ruling Florida armed robbery, which has as an element the use, attempted use, or threatened use of physical force against the person of another, qualifies as predicate offense under elements clause of ACCA). Petitioner's ACCA predicate count now stands at five.

But even if the Court were not to count the armed robbery because there is no post-Johnson, published precedent from the Eleventh Circuit concerning Georgia armed robbery, Petitioner also has a 2007 Georgia aggravated assault conviction. PSI ¶ 31. As Respondent succinctly summarizes after quoting the relevant Georgia statutes, O.C.G.A. §§ 16-5-21 and 16-5-20(a),[5] "for [Petitioner] to be guilty of Georgia aggravated assault as charged, he had to attempt or threaten violent injury to another person." (Doc. no. 3, pp. 11-12.) Indeed, according to the undisputed PSI, Petitioner's aggravated assault conviction occurred after he had a physical altercation with his live-in girlfriend in which he struck her in the face with his fist and then put a gun against her head and cocked the hammer. PSI ¶ 31. Courts within this District have repeatedly held a conviction for Georgia aggravated assault qualifies as a violent felony under the elements clause of the ACCA. Brown v. United States, CV 416-

---

[5] These statutes each reference "serious bodily injury" and "violent injury," respectively.

190/ CR 494-086, 2016 WL 7013531 (S.D. Ga. Nov. 7, 2016), *adopted by*, 2016 WL 7007515 (S.D. Ga. Nov. 29, 2016); see also Shuck v. United States, CV 416-211/CR 411-007, 2017 WL 465682, at *4 (S.D. Ga. Jan. 31, 2017) (collecting cases), *adopted by*, 2017 WL 693285 (S.D. Ga. Feb. 21, 2017).

Petitioner's ACCA predicate count now stands at six, well in excess of the three necessary to impose the ACCA sentencing enhancement. Therefore, Petitioner's enhanced sentence under § 924(e) was properly imposed, and he is not entitled to the resentencing he seeks.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2255 motion be **DENIED** without an evidentiary hearing or appointment of counsel, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of Respondent.

SO REPORTED and RECOMMENDED this 10th day of March, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA