IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 JUL 21 PM 2:31
CLERK_____
SO. DIST. OF GA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 312-002 |
| | * | |
| TOMMY LEE WALKER | * | |

O R D E R

In the present circumstance of the COVID-19 pandemic, inmates of federal prison facilities are understandably concerned. Some inmates are choosing to file motions with the Court for immediate release or to accelerate their placement on home confinement. Defendant Tommy Lee Walker has filed such a motion. The only provision by which a federal court can modify an imposed sentence is 18 U.S.C. § 3582(c).

Section 3582(c)(1)(A), commonly referred to as the "compassionate release" provision, provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. In consideration of a compassionate release motion, the Court is constrained to follow the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The existing policy statement, U.S.S.G. § 1B1.13, provides that in addition to the existence of extraordinary and

compelling reasons, the defendant must not present a danger to the safety of any other person or the community. Application Note 1 lists three specific examples of extraordinary and compelling reasons to consider reduction of a defendant's sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. Id. n.1(A)-(C).[1]

Defendant's motion possibly implicates the first category. The Sentencing Commission has clarified that a "serious physical or medical condition" "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii). The Government has submitted Defendant's medical records indicating that he suffers from hypertension, which is listed by the CDC as a condition that "might" place a person with COVID-19 "at an increased risk for severe illness." See Centers for Disease Control, *People with Certain Medical Conditions,* available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on July 20, 2020). However, at this point, the Court cannot conclude

---

[1] The application note also provides a catch-all category: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). The Court has not been made aware that the BOP Director has sanctioned Defendant's early release.

2

that the "might" category qualifies an illness as sufficiently serious to warrant compassionate release in and of itself. In fact, in Defendant's case it appears his hypertension is asymptomatic and he is otherwise in good health. (See Gov't Resp. in Opp'n, Doc. No. 75, Ex. C, at 1-2.) In short, Defendant bears the burden of establishing that he is uniquely positioned to be so adversely affected by COVID-19 that his release is warranted. He has not done so.

Moreover, the Court must consider whether Defendant is a danger to the community, see U.S.S.G. § 1B1.13(2), and the sentencing factors of 18 U.S.C. § 3553(a), see 18 U.S.C. § 3582(c)(1)(A). In Defendant's case, these factors weigh heavily against his release given the serious nature of his offense and his significant criminal history. Also, the Court cannot conclude that Defendant is not a danger to community.

Upon the foregoing, Defendant Tommy Lee Walker's motion for compassionate release (doc. no. 74) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of July, 2020.

_____
UNITED STATES DISTRICT JUDGE

3